UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

EDDIE WAYNE ADAMS,

        Petitioner,

    v.                                     Case No. 06-cv-833-JPG

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Eddie Wayne Adams' (hereinafter "Adams") amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 12), which incorporates and expands upon his original Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1). Adams submitted several memoranda to support his motion, (*see* Docs. 3, 6, 7, 13), which this Court has previously considered and considers now. The Government filed a Response (Doc. 17) to the instant motion, yet Adams did not reply despite being granted additional time in which to do so. (*See* Doc. 19).

For the following reasons, the Court, *inter alia*, **DENIES** Adams' motion.

### BACKGROUND

On September 7, 2005, a grand jury charged Adams by indictment with one count of attempting to coerce a minor into having sex in violation of 18 U.S.C. § 2422(b). Adams eventually pled guilty to said charge, and this Court held a sentencing hearing on February 2, 2006. At that hearing, the Court determined that, for purposes of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), Adams' total offense level was 23 and his criminal history category was I, which rendered an advisory guideline range of 46 to 57 months imprisonment. However, a 60-month statutory mandatory minimum existed on the charge; accordingly, counsel

for Adams, Assistant Federal Public Defender Judy Kuenneke (hereinafter "Kuenneke"), requested and argued that this be the sentence handed down. The Court ultimately sentenced Adams to 84 months imprisonment and 3 years supervised released with a $5,000 fine and $100 special assessment.

Adams never appealed his conviction or sentence, but he did timely file the instant habeas petition. Although Adams made numerous arguments attacking his conviction,[1] the Court denied many of these grounds for relief in its Memorandum & Order (Doc. 14) of July 14, 2009, wherein the Court also made clear that subsequent judicial review of his habeas petition would be much more focused. As a result, only the following issues are currently before the Court:

> 1) Was Adams' 84-month sentence reasonable?
> 2) Was Adams entitled to prior notice of a possibly enhanced sentence?
> 3) Was Adams' counsel ineffective in failing to challenge his sentence at the sentencing hearing?
> 4) Was Adams' counsel ineffective in failing to challenge the sentence on direct appeal?

(*See* Doc. 14, p. 13).

## ANALYSIS

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 (2006). However,

---

[1] Specifically, Adams challenged the constitutionality of the PROTECT Act, Pub. L. No. 108-21, 117 Stat. 650 (2003), its related Feeny Amendment, *id.* § 401, and the constitutionality of the 18 U.S.C. § 2422, the statute under which he was convicted, due to its lack of an affirmative defense and general ambiguity/vagueness. He also argued that his indictment was defective, that his crime did not bear a sufficient nexus to interstate commerce, that statutory mandatory minimum sentences "are a concept whose time, like that of the dinosaurs, has passed," (Doc. 6, p. 39), and that he engaged in legal, harmless banter.

"[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."  § 2255.

Of course, a § 2255 motion does not substitute for a direct appeal.  A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice, such as, for example, where a defendant is actually innocent of the crime.[2]  *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977);  *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000);  *Prewitt*, 83 F.3d at 816.  Adams' petition does not argue his innocence nor does it raise other sufficient concerns under the latter pathway; as such, he needs to demonstrate good cause for and actual prejudice from his failure to raise the instant issues on direct appeal.  This is something he cannot do.  Adams' explanation for his failure to appeal is limited to a letter written by Kuenneke on February 14, 2006, wherein she explained to him that "it does not appear that you [Adams] have any appealable issues."  (Doc. 12, p. 17).  However, in that very same letter, Kuenneke informed Adams that he had ten days from final judgment in

---

[2]In fact, a § 2255 motion cannot raise non-constitutional issues unraised on direct appeal regardless of cause and prejudice.  *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).  This, in itself, could likely dispose of the argument that Adams' sentence was fundamentally unreasonable.

3

which to file a notice of appeal. Kuenneke explained that, if Adams gave her office timely approval, she would file such a notice. She even went so far as to tell him that "the only issue on appeal would be whether or not the sentence of eighty-four months is reasonable," *id.*, thereby negating any excuse as to why he did not appeal that issue. Furthermore, if Adams felt that he was entitled to notice of an upward departure or that he was subjected to ineffective assistance of counsel, these concerns would have been obvious by the time he received said letter. As such, he cannot show good cause in failing to appeal the instant issues. Furthermore, Adams cannot demonstrate actual prejudice stemming from his non-appeal because, for reasons discussed *infra*, his substantive arguments are without merit.

Each of the issues and Adams' respective arguments will be addressed in kind, however, the Court will be addressing the second issue first for purposes of clarity.

**I.      Adams Was Not Entitled to Notice of an Upward Departure**

First, Adams argues that the Court and the Government violated his Fourteenth Amendment rights by not advising him of the grounds for an upward departure from the U.S.S.G. This is both legally and factually inaccurate. Both of the cases upon which Adam relies were decided before *United States v. Booker*, 543 U.S. 220 (2005). Binding precedent has since held that "defendants are on notice post-*Booker* that sentencing courts have discretion to consider any of the factors specified in [18 U.S.C.] § 3553(a) [and] may depart from the advisory guideline range." *United States v. Walker*, 447 F.3d 999, 1007 (7th Cir. 2006). As discussed *infra*, this Court, like that in *Walker*, "predictably applied *Booker* and exercised its discretion to arrive at a sentence based on the advisory [g]uidelines range and the discrete set of factors specified in § 3553(a)." *Id*. Moreover, at the change of plea hearing, held on October 27, 2005, the Court asked Adams whether he understood "[t]hat the Federal Sentencing Guidelines are

now *advisory*, and the Court will consider those guidelines along with other factors enumerated in [§] 3553(a) of the criminal code when it sentences you?" *United States v. Eddie Wayne Adams*, No. 05-cr-40060-JPG (Change of Plea Tr., p. 5) (S.D. Ill. Sept. 7, 2005) (emphasis added).  Adams replied, "Yes, sir." *Id.*  Additionally, in a letter sent to Adams more than three months before sentencing, Kuenneke informed him that "it appears that most . . . judges (including Judge Gilbert the judge assigned to your case) are inclined to depart upward in these types of cases . . . [and the specific acts alleged in this case] increase the likelihood of an increased sentence." (Doc. 17-1, p. 4).  Adams' notice argument is therefore without merit.

## II.     Adams' 84 Month Sentence Was Entirely Reasonable

Adams next argues that his sentence of 84 months imprisonment was inherently unreasonable.  As a preliminary argument on this issue, Adams holds that the advisory guideline range "[took] into consideration most, if not all, of the relevant § 3553(a) factors to be considered" and any departure therefrom would be unnecessary.  (Doc. 12, p. 5).  However, with this point, Adams completely ignores the statutory mandatory minimum that applied in his case.  More importantly, Adams' logic would not allow for any departure from the U.S.S.G., which *Booker* specifically contemplated and allowed.

Adams goes on to dispute the application of the § 3553(a) factors in his case.  Specifically, Adams contends that the Court did not adequately consider the support of his family, church, and community or the report of Dr. Stanislaus, which indicated that Adams presented a low risk of recidivism.  However, this is simply not true.  He also maintains that "the Court [departed] upward 24 months just because Mr. Adams could not adequately explain why

5

he committed this crime."[3]  (Doc. 12, p. 4).  This too is untrue.

Section 3553(a) of Title 18 of the United States Code lists the factors that federal judges are to consider when imposing sentence, and it is exactly these factors, individually and as a whole, that this Court considered when handing down Adams' sentence.  Prior to the sentencing hearing, the Court reviewed, *inter alia*, the presentence investigation report and Adams' § 3553(a) sentencing memorandum, which included letters written by his family and friends and an evaluation by Dr. Stanislaus.   At Adams' sentencing hearing, the Court listened to aggravating evidence presented by the Government, mitigating evidence presented by Kuenneke, and a statement from Adams himself.  In handing down its sentence, the Court explicitly discussed its weighing of the relevant sentencing factors, including the nature and circumstances of the offense, the characteristics of Adams, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to protect the public from the further crimes of Adams, and to provide Adams with necessary educational/vocational training and medical care.  Although the Court admittedly found sentencing in this case to be more difficult than most, public safety concerns outweighed all else, and the Court issued a sentence two years longer than the statutory mandatory minimum. *United States v. Eddie Wayne Adams*, No. 05-cr-40060-JPG (Doc. 28, p. 18) (S.D. Ill. Sept. 7, 2005) ("Bottom line, Mr. Adams, I don't think that even the statutory mandatory minimum is

---

[3]Additionally, Adams argues that the Court unfairly characterized him as "the worst of the worst."  (Doc. 6, p. 7).  To make his point, Adams describes the facts of cases in other district courts, of which this Court was previously unaware.

Assuming *arguendo* that the cases which Adams cites can be considered more objectively heinous, the Court maintains that it never deemed this case to be "the worst of the worst."  However, the severity of Adams' offense ranks very high in this judge's seventeen years on the bench.  Indeed, had the Court only considered this factor, Adams' sentence would have been much longer than 84 months.

sufficient enough in this case. You definitely need help, but I have a responsibility to protect the public."). Having reviewed the record, the Court is satisfied that Adams' sentence was not only reasonable but in full compliance with the mandate of § 3553(a). This is supported by recent case law. *See, e.g., United States v. Jordan*, 435 F.3d 693 (7th Cir. 2006); *United States v. Cunningham*, 405 F.3d 497 (7th Cir. 2005). In sum, Adams' second argument does not hold merit.

### III. Adams Was Not Subjected to Ineffective Assistance of Counsel

Adams' final argument is that he was unlawfully subjected to ineffective assistance of counsel. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). The plaintiff's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent

assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* The Court must not become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

### A. Kuenneke Acted Reasonably in Not Objecting at the Sentencing Hearing

As part of his ineffective assistance claim, Adams points to Kuenneke's failure to object to the 84-month sentence at the sentencing hearing. When a § 2255 petitioner faults his attorney for failing to object and present evidence at trial or at sentencing, he bears the burden of demonstrating what evidence the attorney should have presented and that the presentation of such evidence had a reasonable probability of changing the result. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003).

Here, Adams contends that Kuenneke should have "argue[d] that any sentence above the advisory guideline range (or in this case the statutory mandatory minimum of 60 months), would violate Mr. Adams' due process rights to notice of any upward departure, and was unreasonable in light of the facts and circumstances of the case." (Doc. 12, p. 3). For the reasons discussed

*supra*, these arguments are without merit, and, contrary to Adams' assertions, it was wise of Kuenneke to *not* raise them.

Adams also makes much ado about Kuenneke's statement at sentencing that "[t]his is one of the most despicable cases [she'd] had as an assistant in the [Federal Public] [D]efender's office . . . ." *United States v. Eddie Wayne Adams*, No. 05-cr-40060-JPG (Doc. 28, p. 8) (S.D. Ill. Sept. 7, 2005). Like the Government, the Court is very familiar with the work and representation of Kuenneke, and her use of the word "despicable" can best be explained as a slip of the tongue. However, regardless of its utterance, her statement was appropriate when viewed in full context, as it merely summarized Adams' fall from grace. More importantly, given all of the aforementioned evidence and arguments that the Court weighed under § 3553(a) , the Court can assure Adams that an adjective had no bearing on his sentence. Adams' argument of ineffective assistance of counsel at sentencing is therefore without merit.

**B.     Kuenneke Acted Reasonably in Not Appealing Adams' Sentence**

For the other half of Adams' ineffective assistance claim, he points to the fact that Kuenneke did not appeal the 84-month sentence. This issue may be disposed of quickly. Failure of trial counsel to appeal an issue must present *Strickland* prejudice if it is to dictate ineffective assistance of counsel. *See, e.g., Kitchen v. United States*, 227 F.3d 1014, 1024 (7th Cir. 2000). Kuenneke did not need to appeal Adams' sentence because she did not receive such a request from him and because doing so would have been frivolous for the aforesaid reasons. In fact, "[i]f counsel has consulted with the defendant [as Kuenneke did], the question of deficient performance is easily answered: [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Bednarski v. United States*, 481 F.3d 530, 535 (7th Cir. 2007) (citing *Roe v. Flores-Ortega*, 528

9

U.S. 470, 478 (2000)).  Adams' ineffective assistance of counsel claim on this issue must therefore fail as well.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Adams Motion to Vacate, Set Aside, or Correct Sentence (Doc. 12) pursuant to 28 U.S.C. § 2255.  Further the Court **DENIES** Adams' Motions to Appoint Counsel (Docs. 8, 12).  Finally, the Court **DENIES** Adams' Motion for Allowance of an Evidentiary Hearing (Doc. 9).[4]  The Court **DISMISSES** this matter **with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: February 16, 2010**

                       s/ J. Phil Gilbert
                       **J. PHIL GILBERT**
                       **DISTRICT JUDGE**

---

[4] The Court need only hold an evidentiary hearing when the § 2255 motion is accompanied by "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions."  *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976) (footnote omitted).  "Mere unsupported allegations cannot sustain a petitioner's request for a hearing."  *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989).
  Here, Adams' unsupported allegations do not necessitate an evidentiary hearing.